IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEEN ABUSALEM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE STANDARD MARKET, LLC<br><br>*Defendant*, | Case No.: 2019-CV-6995 |

**MOTION FOR VOLUNTARY DISMISSAL OF SOLE FEDERAL CLAIM AND TO REMAND TO STATE COURT**

Plaintiff Leen Abusalem ("Abusalem" or "Plaintiff") states as follows as her Motion for Voluntary Dismissal of Sole Federal Claim and To Remand to State Court:

1. This case was pending in state court, in DuPage County, for nearly a half of year. On May 9, 2019, Plaintiff Leen Abusalem ("Abusalem") filed her Original Complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, Law Division entitled *Leen Abusalem, individually, and on behalf of all others similarly situated v. The Standard Market, LLC*, 2019 L 000517 ("State Court Action").

2. The State Court Action originated as a single claim under the Biometric Information Privacy Act, 740 ILCS 14/1.

3. On September 23, 2019, Plaintiff filed an Amended Complaint that added addition counts under the Biometric Information Privacy Act and also asserted claims under the Illinois Worker Adjustment and Retraining Notification Act, 820 ILCS 65/1 and the United States Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 (the "Federal WARN Act Claim")

4. The Federal WARN Act Claim is the sole basis upon which removal was asserted.

5. Plaintiff wishes to voluntarily dismiss her Federal WARN Act claim (Count V) and request that the case be remanded back to State Court to adjudicate the remaining purely state law claims.

6. The Defendant has not filed an Answer to the Amended Complaint (nor did it file an Answer to the original complaint) and therefore dismissal is allowed as a matter of right. Rule 41(a)(1).

7. With the dismissal of the sole federal claim, remand is now appropriate. See generally, Sullivan v. Conway, 157 F.3d 1092, 1095 (7th Cir. 1998)("if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claim"); Baldwin v. Safeway Stores, Inc., C-98-4177 SC, 1999 WL 129539, at *1 (N.D. Cal. Mar. 5, 1999)("In response to Defendant's arguments supporting removal, Plaintiff has agreed to dismissal of the claims which Defendant alleges are subject to the LMRA. In light of this, subsequent to dismissal, the Court will have no basis for jurisdiction over this matter."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.")

**WHEREFORE**, the Plaintiff requests that Court V be dismissed and that the Court remand this case back to the Eighteenth Judicial Circuit, DuPage County, Illinois where it originated.

Dated: October 24, 2019	Respectfully submitted,

        Plaintiff, individually and on behalf of all others similarly situated,

        By:   /s/    David Fish
              One of Plaintiff's Attorneys


David Fish
dfish@fishlawfirm.com
Kimberly Hilton
khilton@fishlawfirm.com
John Kunze
kunze@fishlawfirm.com
Thalia Pacheco
thalia@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563